

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 25 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

STANLEY CHERY,

        Defendant.

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

16-CR-181

**Appearances**

**For United States:**

    Robert L. Capers
    United States Attorney, E.D.N.Y.
By:  Alicia Nicole Washington

**For Defendant Stanley Chery:**

    Michelle A. Gelernt
    Federal Defenders of New York, Inc.
    1 Pierrepont Plaza
    16th Floor
    Brooklyn, NY 11201

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction ...................................................................................................................1

    A. Instant Offense: Importation of Cocaine into the United States.................................2

    B. Arrest ........................................................................................................................2

    C. Guilty Plea ................................................................................................................2

    D. Sentencing ................................................................................................................3

II. Offense Level, Category, and Sentencing Guidelines Range.........................................3

III. Law.................................................................................................................................4

IV. 18 U.S.C. § 3553(a) Considerations...............................................................................5

V. Consistency in Sentencing...............................................................................................6

VI. Sentence...........................................................................................................................6

VII. Conclusion......................................................................................................................7

## I. Introduction

Defendant Stanley Chery is a twenty-two year old Haitian citizen, born in Port Au Prince, Haiti. Presentence Investigation Report, Aug. 8, 2016 ("PSR"), at ¶ 26. He was arrested on March 13, 2016, at John F. Kennedy ("JFK") airport for importation of cocaine. *Id.* at 1; Sentencing Hearing Transcript, Aug. 22, 2016 ("Sent. Hr'g"). Since his arrest, he has been in federal custody. *Id.* at 1. On July 29, 2016, he pleaded guilty to count one of a two-count indictment charging him with importation of cocaine into the United States, in violation of sections 952(a), 960(a)(1) and 960(b)(3) of the United States Code, title 21. *Id.* at ¶ 1.

1

On August 22, 2016, Mr. Chery was sentenced to time served of approximately five months, three years of supervised release, and a $100 special assessment. *See* Sent. Hr'g. He is expected to be deported following his release from criminal custody in the present case. *See id.*

An additional period of incarceration would burden the taxpayers with an unnecessary cost, while preventing the defendant from obtaining his college degree.

### A. Instant Offense: Importation of Cocaine into the United States

Mr. Chery was charged with a serious offense: importing cocaine into the United States. On March 13, 2016, he arrived at JFK airport in Queens, New York, aboard a flight from Port Au Prince, Haiti. PSR at ¶ 2. Upon his arrival, he was selected for an enforcement examination by Customs and Border Protection officers. *Id.* at ¶ 3. In defendant's checked luggage were four cooking pots that had unusually thick bottoms. *Id.* The officers discovered cocaine in the bottoms of the pots. *Id.* According to a Drug Enforcement Administration ("DEA") lab report, the total net weight of the cocaine recovered from the pots was 1.775 kilograms. *Id.* at ¶ 5.

Defendant stated that he was asked by an individual in Haiti to bring the cooking pots to that individual's family in Brooklyn. Addendum to the PSR, at 1. The individual told defendant that the pots were to be used for voodoo; defendant denies knowing that the pots contained cocaine. *Id.* Upon delivery of the pots, defendant stated he would be paid. *Id.*; Sent. Hr'g.

### B. Arrest

Defendant was arrested on March 13, 2016, after his arrival at JFK airport in Queens, New York. PSR at 1, ¶ 2. He has been in federal custody since the date of his arrest. *Id.* at 1.

### C. Guilty Plea

On July 29, 2016, Mr. Chery pleaded guilty to count one of a two-count indictment. Count one charges that on March 13, 2016 defendant imported cocaine into the United States, in violation of sections 952(a), 960(a)(1) and 960(b)(3) of the United States Code, title 21. *Id.* at ¶

2

1. The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is twenty years. *See* 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

### D. Sentencing

A sentencing hearing was conducted on August 22, 2016. *See* Sent. Hr'g. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

The Guidelines base offense level is 24. *See* PSR at ¶ 9; U.S.S.G. §§ 2D1.1(a)(6), 2D1.1(c)(8). The offense level was reduced by: four points pursuant to U.S.S.G. section 3B1.2(a) because, as a courier, defendant was a minimal participant in the offense; two points pursuant to section 3E.1.1(a) for defendant's acceptance of responsibility; and one point pursuant to section 3E.1.1(b) because the government was notified in a timely manner of defendant's intention to enter a plea of guilty. PSR at ¶¶ 12-17. Another two points were removed because the defendant qualified for the safety-valve reduction in Guideline 5C1.2. *See* Addendum to PSR at ¶ 9.

The total adjusted offense level is 15. *Id.* at ¶ 17. With a criminal history category of I, this yields a Guidelines sentencing range of 18 to 24 months imprisonment. *See id.* at ¶ 45.

The parties do not object to the Guidelines calculation. *See* Sent. Hr'g.

3

## III. Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines-that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

4

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States: Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Chery grew up in lower middle-income socioeconomic circumstances in Haiti. His family home was destroyed in the 2010 earthquake. He lived with both parents and two siblings in Port Au Prince until his father died in January 2015. His father was a vendor, selling clothing and beauty supplies; after his death, defendant left school and took over the business to support his two younger brothers. Before his arrest, defendant also worked as a taxi driver. *See* Sent. Hr'g. He has one more course to complete in school before getting a degree as a mechanic. *See id.*

His mother sells coal; she suffers from diabetes and high blood pressure. Although defendant stated that he has a close relationship with his mother, he has not told her of his conviction. *See* PSR at ¶¶ 26-28; Sent. Hr'g. Defendant's siblings are in college. *See* Sent. Hr'g.

Since his arrest, defendant has shown great remorse for this conduct. He provided information to the government relating to the offense. *See* Addendum to PSR. The interests of

5

justice are best served by having him deported back to Haiti immediately. Imposing a custodial sentence would require the United States to pay for defendant's incarceration, while preventing defendant from finishing his studies and supporting his family. The cost to taxpayers to imprison defendant is approximately $31,976 annually. *See* Mem. from the Administrative Office of the U.S. Cts., Cost of Community Supervision, Detention, and Imprisonment, June 24, 2016.

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same).

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of the defendant, Mr. Chery is sentenced to time served and a supervised release term of three years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). No fine is levied because Mr. Chery has no substantial assets and is unlikely to

6

be able to pay one in the near future. PSR at ¶ 41; Sent. Hr'g. The remaining open count is dismissed on the government's motion. *See* Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Chery pleaded guilty to an extremely serious offense. His role in the offense was, however, minimal. He has expressed genuine remorse for his conduct and understands the gravity of his actions. Defendant served approximately five months in prison in a foreign country where he does not speak the language. He will be deported and will suffer the collateral consequences of a felony conviction, as well as the conditions of a three year supervised release term. It is highly unlikely that he will again violate the laws of the United States.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: August 23, 2016
Brooklyn, New York

7